1  ROBERT D. ROWLETT - State Bar No. 176611
   LAW OFFICE OF ROBERT D. ROWLETT
2  34762 Doheny Place
   Dana Point, California 92624
3  Telephone: (949) 481-4078
   Facsimile: (949) 481-4079



5  Attorneys for Defendant Muscle Marketing USA, Inc.

                UNITED STATED DISTRICT COURT
                CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEGUSSA BIOACTIVES SALES US, INC., Formerly Known as TRACO LABS, INC., | CASE NO: 02-01390 RGK (EX) |
| Plaintiff, | ***EX PARTE*** **APPLICATION AND ORDER EXTENDING THE TIME FOR DEFENDANT TO RESPOND THE OSC ORDER.** |
| v. | |
| MUSCLE MARKETING USA, INC., ET AL., | (Declaration of Robert D. Rowlett and [Proposed] Order submitted herewith) |
| Defendants. | Current Hearing Date: Under Submission |
| | Judge: Hon. R. Gary Klausner |

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

Petitioner Muscle Marketing USA, Inc. ("Defendant") hereby applies *ex parte* to the Court extending the time to file and serve a response to the OSC Order from June 9, 2004, until Monday, June 21, 2004 or until such other time the Court deems reasonable and to allow Defendant the opportunity to provide additional oral argument to the Court.

Defendant provided Plaintiff notice of this ex-parte application on June 7, 2004 and Plaintiffs stated they will not oppose it. (See Declaration of Robert D. Rowlett ("Rowlett Dec.") at ¶ 3).

Defendant previously filed an ex parte application on June 3, 2004, seeking

EX-PARTE APPPLICATION, RE: EXTENSION OF TIME

1 additional time to file and serve an opposition to Plaintiff's Motion for an Order
2 Compelling Defendant to Show Cause why it Should not be Held in Contempt of
3 Permanent Injunction. Plaintiff did not oppose this application which was denied.
4     Defendant now requests relief under Rule 6(b)(1) of the Federal Rules of Civil
5 Procedure to extend the time to file and serve a response to the OSC. Good cause exists to
6 grant this application for the following reasons:
7     Present counsel for Defendant Robert D. Rowlett (hereinafter "Defendant's New
8 Counsel") recently substituted in as Defendant's counsel. The substitution of counsel was
9 granted/entered on the afternoon of Monday, June 7, 2004. Defendant's New Counsel did
10 not receive the OSC Order from the Court until the same time. (Rowlett Dec. at ¶ 2).
11     Defendant's New Counsel has yet to obtain the files in connection with this matter
12 from prior counsel. (Id. at ¶ 4). After numerous attempts, including phone messages and e-
13 mails, Defendant's New Counsel was not able to reach prior counsel until Tuesday, June 2,
14 2004. (Id.). During that conversation, prior counsel agreed to release Defendant's files as
15 soon as the Court entered a substitution of counsel. (Id.). Today, prior counsel then
16 conditioned this upon Defendant's approval. (Id.). Now that a substitution of counsel is
17 entered and approval from Defendant provided, prior counsel claims they need multiple
18 days to catalog and provide the files. (Id.). Prior counsel further noted the voluminous
19 amount of files. (Id.)
20     Defendant's New Counsel needs an opportunity to review these files including the
21 files concerning the injunction and all related communications, prior to being able to
22 effectively respond to the OSC. With a response currently due by tomorrow, June 9, 2004,
23 this will not be possible.
24     Moreover, because of the unavailability of prior counsel, Defendant's New Counsel
25 was unable to discuss the matter and the pending Plaintiff's Motion until prior counsels'
26 return from holiday on Tuesday, June 2, 2004. (Id.). Defendant's New Counsel now seeks
27 to speak with prior counsel concerning settlement of the matter, the injunction and
28 Plaintiff's allegations. Once again, however, prior counsel is unavailable for at least the

Recycled paper

1 next few days. (Id.). On multiple occasions, Defendant's New Counsel has contacted or
2 attempted to contact at least three attorneys of prior counsel to discuss obtaining the files
3 and/or discuss the injunction and Plaintiff's allegations without success. (Id. ).

4     In order to properly investigate the terms of the injunction, the allegations in the
5 OSC and prepare a thorough and appropriate response, Defendant's New Counsel needs
6 additional time to both communicate with Defendant and obtain actual versions of the
7 product deemed to be in violation of the injunction as well as to review the files concerning
8 the injunction and this matter. (Id. at ¶ 5). Without additional time, Defendant's ability to
9 protect its rights will be seriously prejudiced.

10     Plaintiff has not indicated urgency in which to enforce its allegations of contempt.
11 Moreover, Plaintiff has made no request for an immediate OSC ruling or shown any
12 immediate or increasing injury or continuing violations that weigh against extending the
13 time for Defendant to respond. In fact, Plaintiff is not opposing this ex parte application.
14 (Id. at 3). Previously, Plaintiff agreed to and filed a stipulation to continue the hearing date
15 for Plaintiff's Motion requesting this OSC.

16     Plaintiff and Defendant have agreed to open good faith discussions in an effort to
17 resolve this matter without further litigation. (Id. at ¶ 6).

18     For the above reasons, Defendant respectfully requests that the Court extend the
19 time for Defendant to respond to the OSC until at least Monday, June 21, 2004. Defendant
20 also requests the Court allow oral argument concerning this OSC.

21     In the event the Court allows oral argument in connection with the OSC, the parties
22 request that such hearing be held after July 12, 2004. Plaintiff's counsel stated that he will
23 be in trial on Monday, June 21 and Monday, June 28, 2004 and request that any such
24 hearing date not conflict with those days. (Id. at ¶ 3). Defendant's New Counsel,
25 moreover, will be traveling to China on a previously planned and scheduled trip leaving
26 June 25, 2004 and not returning until July 8, 2004. (Id. at ¶ 7).
27 ///
28 ///

1  This request is based on this ex parte application, the Declaration of Robert D.
2  Rowlett attached hereto, all records and pleadings presently on file with the court and such
3  other and further argument and evidence that the Court will allow.

4  DATED: June 8, 2004          LAW OFFICE OF ROBERT D. ROWLETT

6  By: _____
    Robert D. Rowlett
    Attorney for Defendant MUSCLE
    MARKETING USA, INC.

4.
EX-PARTE APPPLICATION, RE: EXTENSION OF TIME

1  ROBERT D. ROWLETT - State Bar No. 176611
   LAW OFFICE OF ROBERT D. ROWLETT
2  34762 Doheny Place
   Dana Point, California 92624
3  Telephone: (949) 481-4078
   Facsimile: (949) 481-4079
4

5  Attorneys for Defendant Muscle Marketing USA, Inc.

6

7

8               UNITED STATED DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11 DEGUSSA BIOACTIVES SALES US,   ) CASE NO: 02-01390 RGK (EX)
   INC., Formerly Known as TRACO  )
12 LABS, INC.,                    ) **ORDER EXTENDING TIME TO**
                                  ) **RESPOND TO THE OSC**
13         Plaintiffs,            )
                                  )
14     v.                         )
                                  ) Current Hearing Date: Under submission
15 MUSCLE MARKETING USA, INC., ET )
   AL.                            ) Judge: Hon. R. Gary Klausner
16                                )
           Defendants.            )
17                                )

18
       The ex-parte motion of Defendant Muscle Marketing USA, Inc. for an order
19
   extending the time to file a response to the OSC currently due to be filed by June 9, 2004
20
   and for oral argument in connection with the OSC came before this Court. After
21
   consideration of all matters presented to the Court, IT IS HEREBY ORDERED that
22
   Defendant's ex parte application extending the time for Defendant to file a response to the
23
   OSC is [GRANTED/DENIED].
24
       Defendant's response to the OSC is now due June 16, 2004. Plaintiff's
25 Reply is due June 23, 2004. The hearing date is continued
26 DATED: JUN - 9 2004  to June 28, 2004, however, remains under submission.

27                                       /s/ Gary Klausner
                                         United States District Judge
28

---

ORDER - EX-PARTE APPLICATION – EXTENDING TIME

Case 2:02-cv-01390-RGK-EX Document 254 Filed 06/09/04 Page 6 of 6 Page ID #:185


## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE:

I am employed in Orange County, State of California. I am over the age of 18 and not a party to the within action; my business address is 34762 Doheny Place, Dana Point, CA 92624;

On **June 8, 2004**, I served the foregoing documents described as:

1. **EX-PARTE APPLICATION AND ORDER EXTENDING THE TIME TO RESPONSE TO THE OSC; Case No. CV 02-01390 RGK; and**

2. **DECLARATION OF ROBERT D. ROWLETT, ESQ. IN SUPPORT OF DEFENDANTS' EX-PARTE APPLICATION EXTENDING THE TIME TO RESPOND TOT THE OSC.**

on the interested parties in this action by the method indicated below:

> Joshua D. Lichtman
> Peter H. Mason
> Fulbright & Jaworski, LLP
> 865 South Figueroa St., 29th Floor
> Los Angeles, California 90017
> Fax: 213-680-4518

[] (BY MAIL) I caused such envelope(s) addressed as identified above with postage thereon fully prepaid to be placed in the United States mail at Dana Point, California.

[ ] (BY PERSONAL DELIVERY) I caused the document(s) identified above to be delivered by hand to the office of the law firm at the address noted above.

[X] (BY FACSIMILE TRANSMISSION) I caused such document to be transmitted to the addressee(s) facsimile number noted above. The facsimile machine I used complied with Rule 2003(3) and the transmission was reported as complete and without error. I caused the machine to print a transmission record of the facsimile transmission, a copy of which I retain.

Executed on **June 8, 2004**, at Dana Point, California.

I declare under penalty of perjury under the laws of the United States that the above is true and correct and, that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____
Robert D. Rowlett

ROWLETT
&
ROWLETT